**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan C. Bertanelli,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Defendants.<br>_____ | CV 11-1338-PHX-PGR (BSB)<br><br>**ORDER** |

Before the Court are Plaintiff's Motions for Review by District Court. (Docs. 73, 74, 75, 76, 78.) Plaintiff seeks this Court's review of the magistrate judge's orders denying his Motion to Compel Re: ADOC to Produce Plaintiff With Court Ordered Copies of Plaintiff's Exhibits (Doc. 73); Motion for Leave to Conduct Limited Discovery re Exhaustion of Administrative Remedies (Doc. 74); Motion for Court Ordered Pre Service Discovery (Doc. 75); Motion for Leave to File Supplemental Declaration in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (Doc. 76); and Motion to Stay the Court's Ruling on Plaintiff's Motion in Response to Defendants' Motion to Dismiss (Doc. 78). For the reasons set forth below, the Court will deny Plaintiff's Motions for Review.

**Background**

On July 6, 2011, Plaintiff, an inmate in the custody of the Arizona Department of Corrections (ADC), filed a civil rights complaint alleging violations of his Eighth Amendment rights. (Doc. 1.) He filed an amended complaint on February 3, 2012. (Doc. 26.)

On February 17, 2012, Defendants filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies. (Doc. 31.) Magistrate Judge Anderson issued a briefing order directing Plaintiff to file a response by March 21, 2012, advising him of his obligation to respond, and notifying him of the significance of the motion to dismiss. (Doc. 32.) Plaintiff responded to the motion to dismiss on February 29, 2012, and Defendants replied on March 14, 2012. (Docs. 36, 48.) Plaintiff thereafter filed a number of motions, which the magistrate judge denied.

**Discussion**

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard for this Court's review of a magistrate judge's order in a nondispositive matter. The Court must consider objections and modify or set aside any part of the order "that is clearly erroneous or contrary to law."

Magistrate Judge Anderson denied as moot Plaintiff's Motion to Compel, finding that Plaintiff had been provided with the documents he was seeking. (Doc. 62.) This finding was nor clearly erroneous, as the exhibits at issue are already a part of the record. For the same reason, Plaintiff's Motion to Stay was also properly denied as moot. (Doc. 63.)

Magistrate Judge Anderson did not err in denying Plaintiff's Motion Court Ordered Pre Service Discovery, as the identity of Defendant Becky "Pellsner" is not relevant to the exhaustion issue. (Doc. 64)

Magistrate Judge Anderson did not err in denying Plaintiff's Motion for Leave to File Supplemental Declaration. He accurately characterized the declaration as a surreply which was not permitted under the local rules or by court order. (Doc. 66.)

In his Motion for Leave to Conduct Limited Discovery, Plaintiff sought discovery on the exhaustion issue. Specifically, he requested leave to obtain the names and photographs of the correctional officers assigned to APSC–Florence Central Unit between August 20,

- 2 -

2010, and April 7, 2011, who signed and dated his grievances and grievance appeals. (Doc. 56.) He also sought discovery relating to Defendant Ryan's informal policies which, according to Plaintiff, prevent inmates from obtaining copies of their grievances and require ADC staff to destroy inmate grievances. (*Id.*) Defendants opposed the motion as overly burdensome, untimely, and moot. (Doc. 60.)

In denying the motion, Magistrate Judge Anderson agreed with Defendants that Plaintiff's request was overbroad and burdensome. The proposed discovery would require Defendants to provide the names and photographs of every officer who worked at the Central Unit during the relevant eight-month period, so that Plaintiff could review the photos and pick out the officers to whom he allegedly submitted grievances. (Doc. 65 at 2.) Magistrate Judge Anderson further determined that providing Plaintiff with the photographs "would jeopardize the safety of those officers especially in view of Plaintiff's recent threats to harm ADC staff in a similar case filed in this Court." (*Id.* at 3.) Finally, the magistrate judge found Plaintiff's motion untimely, as it was filed more than a month after briefing was completed on Defendants' Motion to Dismiss.

The denial of Plaintiff's Motion for Limited Discovery was not clearly erroneous or contrary to law under Rule 72(a). As argued by Defendants and found by Magistrate Judge Anderson, Plaintiff's discovery request for is overly burdensome. It would require Defendants to identify and produce current photographs of every corrections officer to whom Plaintiff may have submitted a grievance during the relevant period, information which is not readily available from the computerized roster logs. (*See* Doc. 60 at 2; Doc. 81 at 2.)

Moreover, Plaintiff has not justified his failure to seek discovery prior to the completion of briefing on the motion to dismiss, or to seek an extension of the deadline for responding to the motion. This is especially true given the fact that Magistrate Judge Anderson specifically advised Plaintiff that his complaint would be dismissed "unless your

- 3 -

response to Defendants' Motion [to Dismiss] includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you." (Doc. 32 at 3.)

Magistrate Judge Anderson's orders dismissing Plaintiff's motions were not clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motions for Review. (Docs. 73, 74, 75, 76, and 78.)

**IT IS FURTHER ORDERED denying** Plaintiff's Motions for Review. (Docs. 73, 74, 75, 76, and 78.)

DATED this 21st day of August, 2012.

_____
Paul G. Rosenblatt
United States District Judge